May I reserve one minute for rebuttal? Yes. Thank you. Good morning, Your Honors. I am Ray Stauffer and I am any person which is the only standing requirement that the False Marking Statute imposes upon me. Before discussing any injury in fact, I would note that on June 10th of this year, a panel of this Court reached the merits of Pequenot v. Solo Cup by affirming a summary judgment of no liability for false marking in favor of Solo Cup. That decision is significant for the following reasons. The plaintiff, Pequenot, was a registered patent attorney and therefore, by definition, he was not in competition with Solo Cup. I am also a registered patent attorney. So counsel's standing wasn't raised in that case and the issue wasn't decided by the court. But it was raised below in that court and the court could have reached it and every federal court has an obligation to assure itself that it has subject matter jurisdiction before it reaches the merits. But the failure of the appellate court to reach it necessarily means it wasn't decided. Well, I also believe that this Court's dicta in Forrest Group, which was a case between two competitors, further supports non-competitor standing because in Forrest Group, this Court noted that the plain language of the statute allows false marking litigation by plaintiffs who have not suffered any direct harms. Those stare decisis observations notwithstanding, Brooks Brothers' decades-long practice of falsely marking their bow ties and their post-complaint decision to continue falsely marking their bow ties has caused numerous direct harms to me, to other members of the public, to competitors, and to the United States. Mr. Stauffer? Yes, sir. Is this a key time case? Yes, it is. Yes, sir. But isn't standing required for a key time case? I believe it is. Under the doctrine of assignment in Vermont agency, I believe that I have standing based on an assignment of the United States injuries. I also think that I'm also a traditional plaintiff insofar as Judge Stein noted that I had injuries in footnote 7 of the case that would have allowed me to be a traditional plaintiff but not a key time plaintiff. I didn't understand the distinction. But isn't your best argument the one you started out with, any person? Yes, sir, any person. And I believe that in Pequenaut, the district court came to the conclusion that anybody who steps forward on behalf of the United States government has standing. But just in case that bait doesn't catch fish, I want to further argue that this court can claim that. Are you appearing to assist the U.S. government? Yes, sir. Yes, your honor. Are you appearing because the statute says you can appear? Yes, sir. Yes, I can. That's why I'm up here. Irrespective of whether you're helping the U.S. government or not. Yes, indeed. This court in clone tech recognized the first of my injuries by noting that Congress intended the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design. And by further noting that the public is clearly injured by false marking because the act of false marking misleads the public into believing that a patentee controls the article in question as well as like articles. As filed, the complaint shows, one, that I saw the patent markings on the Brooks Brothers bow ties. Two, that I retrieved the patents from the USPTO website. Three, that I researched the prevailing patent act to determine the applicable limitation of patent term. Counsel, if I understand your opposing counsel, they argue that Vermont agency stands for the proposition that sovereign injury alone would be insufficient basis to bring suit. I understand you to be arguing you have proprietary injuries on your own. Suppose that we instead are focusing on your standing in the shoes of the government in this quitam action. What are the proprietary harms that the government has suffered in this case? Well, the proprietary harms are that Brooks Brothers, in addition to violating section 292, inasmuch as they put what I believe is a counterfeit trademark on the product as well, constitutes a violation of the federal anti-trademark counterfeiting act. And therefore, all of the bow ties that I bought from Brooks Brothers are subject to potential repossession by the federal government because they are subject to confiscation by the federal government. So the violation of the trademark act seems like yet another sovereign injury to the government, but I'm having difficulty understanding the pecuniary. Well, the pecuniary is that this might be the property of the United States government, but I paid for it. So that's the injury. There's a potential dispute over the ownership of the products that I bought. But because of their violation of the federal anti-counterfeiting trademark act, the government could repossess or confiscate all of the falsely marked products under that statute alone. So because of that violation of the statute, the property ownership is in dispute. Somehow, falsely marking a patent number after expiration is a violation of a trademark act? No, no. But the ribbon that is placed on the bow tie is both expired trademark numbers, and it refers to the original adjustable box tie, which is rigged. But we are deciding today whether you have standing to bring a QTAM suit under 292, not whether you have standing to bring a suit under a trademark counterfeiting statute. And Lujan, I think, stated that it doesn't matter from whence the injury derives for standing purposes. Well, you may have fallen down on the courthouse steps and been injured and have yet another suit against somebody for that. But that's not what we're here to decide. We're here to decide standing for 292. And unrelated, which this is injury, seems to me awfully difficult to raise standing for something that is completely unrelated to it. Well, they're both. This is one whole statement. And the fact that it violates two statutes, the federal anti-counterfeiting trademark statutes, because they alone, the adjustable box trademark, is a violation that places… Is that the basis for your suit? Are you suing under a violation of the trademark statute? No, I'm suing on the basis of 292. But again, it doesn't matter where the injury comes from. If we're looking for a proprietary injury, that counterfeiting statute says that any counterfeitly marked products are subject to confiscation by the government. So every bowtie that I bought that contained that adjustable box trademark counterfeit mark is subject under that statute. And therefore, we don't know who the property right is. It could be… I'm really finding the argument difficult to understand and appreciate. So perhaps you could go back. Under what case law is it that says a completely unrelated injury that has nothing to do with the statute at issue, or the injury from violation of the statute at issue, could nonetheless give standing to someone to bring suit under that statute? I believe in Leach v. Defenders of Wildlife. Justice Scalia said that it makes no difference from where the basis of the injury comes from to support… But that's not a 292 suit. It's not, but the fact that they're kind of melded together because of the commonality that's in the label, both the false patent markings and the counterfeit trademark… I fail to understand why you're using these shotgun arguments all over the place. Instead of focusing on 292. You're right. I'm here today under 292. That's the statute I'm appearing under. But insofar as the defendants wanted to make a debate out of sovereign and proprietary, without pointing to any case that has held that that's the distinction in the 292 case, I did a little bit more research and I found out that if you put a counterfeit trademark on a product, that it opens it up to confiscation by the government. Therefore, that's government property, potentially, and there's the proprietary injury. But there has to be traceability. That you cannot trace to 292. It has to be traced to the statute upon which you're relying for standing. You can't trace that to 292. With all due respect, I think the rhetoric in Lujan… You're into your rebuttal time. Would you like to keep it? Yes, I'd like to keep it. Thank you. Thank you. Mr. Letter? May it please the court, I'm Douglas Letter from the United States Department of Justice. With me today is John Fargo from the Civil Division of the Justice Department. I think he's well known to you. I do want to reserve two minutes of time. If I could go straight to Judge Moore's question. The key really is here the argument that the United States Congress, under the Constitution, may only assign proprietary rather than sovereign injury. Otherwise, this case is clearly governed by the Vermont Supreme Court opinion. Note that there is no… Are you arguing in favor of your right to intervene or Mr. Stauffer's claim? I was going to argue entirely Mr. Stauffer's claim. If the court wants to hear the intervention right, I will argue that. This court has granted our motion to intervene in Mr. Stauffer's appeal, so I thought that was done. Wait a minute, but don't you want to… Judge Lurie makes a good point, because don't you want to intervene below as well? I understood there to be an appeal from the failure of the lower court to reach your motion to intervene below. So when and if this were to go back, wouldn't the government want to be a part of it? Your Honor, actually the court denied our motion to intervene. That's what you're appealing from really, isn't it? No, Your Honor. We're appealing from both. We filed two notices of appeal. We're appealing from the denial of intervention and the dismissal of the Key Tam complaint. But they made an allegation of unconstitutionality of the statute. You've got a right to intervene as a matter of right. Shouldn't we make that clear if we were to send this back? Absolutely, Your Honor. You have been denied that right thus far, despite the clear constitutional challenge of the Second Amendment. Absolutely, Your Honor. And my friend, Mr. Baker, will argue, well, the district court didn't reach a constitutional issue. That's absolutely wrong. Well, if we were to remand, they certainly would. That is true. Are you asserting a public interest injury as well as a sovereign interest injury? What is your basis? I view those as together, Your Honor. I don't view those as separate. The United States has a sovereign interest to protect the public. There would be an interesting problem, of course. The sovereign interest injury is based on the violation of the statute. Correct, Your Honor. And then we'd have to look at whether there was any intent to violate in this case to see if there's a violation. And you'd have an awful lot of trouble getting up by Pequeno, wouldn't you? Which had far more compelling facts than the ones that you're arguing for. Your Honor, the United States is not taking any position on the underlying merits. But, see, the sovereign interest injury relies on a violation of the statute. Right. If there's no intent, there's no violation of the statute, and you don't have a sovereign interest. That is absolutely correct, Your Honor. So how do you get around Pequeno? Because Mr. Stouffer alleges in his complaint, and remember, we are just here on standing. Exactly. How do you assert a sovereign interest injury in light of Pequeno, which requires you to show that there's an intent requirement and your facts are worse than Pequeno? Mr. Stouffer alleges in his complaint, I think it's paragraph 124, I believe, alleges that Brooks Brothers knew that they were putting an expired patent on their product. As this Court has said, that raises a presumption that there is an intent to deceive. Brooks Brothers can, at the merits of the case, can attempt to defeat that. But that's clearly not a standing inquiry, Your Honor. In Pequeno, they knew the patents had expired. Here, we have evidence that there was no idea the patents were expired, and in fact, the markings were supplied by someone else, not even the plaintiff, not even the defendant. Your Honor, those are merits issues. But you have to show intent to have a violation of the statute, and that's required for a sovereign interest injury. But again, Your Honor, not at the standing stage. The complaint alleges that they had knowledge. Standing is not just based on allegations. Of course, Your Honor. So you have to get by at least the minor hurdle of showing some intent. And Pequeno really shoots a hole in your intent. So how do you get sovereign interest standing? Your Honor, I'll try to back up. This Court has held that when there is knowledge, there is presumed to be an intent. That is a rebuttable presumption. And at trial, as in Pequeno, remember, Pequeno was at trial. At trial, Mr. Baker and his client can prove that actually Mr. Stauffer's allegation is wrong and they had no intent. But that's for trial. You're relying on Klontek? Klontek, and I believe this Court said it also in Bontuol and in Pequeno. There's a presumption, a rebuttable one, but it clearly can't be rebutted in a standing court. But even absent the presumption, is the government's position, as I'm understanding it, that for purposes of standing, we assume everything in the complaint to be true, including the presence of intent? Exactly, Your Honor. So we have to accept that no matter how wrong it may seem to us, that we have to assume it is true and then just decide if true is their standing? That's exactly right, Your Honor. The district court made a very serious constitutional error at the standing stage. Again, it may very well be that Pequeno will mean that Mr. Stauffer will lose at the summary judgment stage or at trial. But he can't lose at the standing stage. That is clearly why. Why can you intervene when the judge didn't decide a constitutional issue? What, did we or didn't we? I'm sorry. We attempted to. Why are you entitled to? Several reasons, Your Honor. First, the judge… And I guess the question is here, isn't it? Although, as I say, this Court has already… Which we've already decided. Yes, you've granted intervention already, but again… At least for purposes of today. Yes, to answer your question, we can intervene for two reasons. One, the judge did rule on constitutional grounds. He held that under Article III of the Constitution, Congress cannot make this kind of assignment. That's a clear constitutional ruling, despite the wording of the statute. Second, even if he did not do that, as we pointed out, the United States has a strong interest in this case. We have a monetary interest. You have an interest under Rule 24A-2? We're under 24A and B. It's permissive intervention, and we were entitled to intervene. Why is the bounty awarded by the statute just like a wager on the outcome? Your Honor, that's the argument that was made in… I actually was the government's attorney in the Vermont case. The same argument was made. The Supreme Court rejected it. The Supreme Court said we have several hundred years of history of key stamp status. And Lujan also said that standing is not a mere pleading requirement. You have to support it as you would support every element on which you have the burden of proof. It's not based on pleadings. We don't assume anything, do we? You have to meet a minimum standard to assert your sovereign interest. Doesn't Lujan say that? No, it does not. It doesn't say there's not a mere pleading requirement? Lujan specifically says that it's not talking about the special category of cases where Congress has created a bounty in a relator. It specifically says that's different. And the Vermont case made quite clear that there is Article III standing. Now, Mr. Baker says, ah, but there isn't because in the False Claims Act, the United States has an injury, damages. That's not correct. As we pointed out in our brief, any number of circuits have held there is a False Claims Act violation. Even if the United States suffers no damage. But this isn't an FCA case. It's not an Endangered Species Act case, as Lujan was. It's a 292 case. No, but the reason the False Claims Act is key here is because the Supreme Court said that there is Article III standing in key TAM cases. And what I'm trying to point out is this is like a False Claims Act case because a key TAM relator under the False Claims Act has Article III standing, even if there is no monetary damage to the United States. And Judge Rayburn You want to check your time there? You're about a minute and a half over. Your Honor, what I would most like to do is answer your questions. So if you have further questions, I'd like to answer them because I think it's essential that I address whatever questions you have. Thank you. Thank you, Your Honor. Mr. Baker? Good morning. My colleague, Mr. McGonigal, is admitted to this court and he gets itchy when I start to talk. And he may want to pass me a note, and I hope that doesn't offend the court at all. Pass me what the note says. If he asks me out to lunch, I'm not going. What astounds me is that Judge That's terrible. The judge made a decision here, and he made a factual decision. He said Brooks Brothers is not the marker. Now, if Brooks Brothers is not the marker, then there is no damage. There is no injury. But that's merits, isn't it? No, it's under 12b-1. Under 12b-1, the court can look at the complaint. It doesn't have to take evidence to prove it. And it can look at affidavits that were submitted. Affidavits submitted by Mr. Dixon and Mr. Craven demonstrated that, number one, Brooks Brothers is not the marker. Let's get to the basic standing. 292 says any person may sue. Doesn't that, to the extent that there's a standing requirement, imply standing? I don't think it implies standing. Standing needs to be stated. And the problem here is you have a 40-page complaint. That if you read the complaint and then lined it up with the statute, and as the DOJ says, it's not your job to go hunting for troubles in that complaint. A complaint should be short. It should be concise. It should be factual. And when a complaint is of the nature that was submitted in this case, it is exceedingly difficult for the district court to deal with. It is 40 pages over. But didn't he claim mismarking? And isn't he any person? Well, that's like saying I'm a person. This was mismarked. There's liability. That is not the way you plead a case. No. I'm a person. This was mismarked. Therefore, I have standing to bring the suit. This is mismarked. It's mismarked by the marker, by the defendant, who had knowledge, who did it with the intent to deceive, is how you would plead this case. That's merits. Excuse me? That's merits. You have standards of pleading. You have Rule 8 and you have Rule 9. Rule 9 is a heightened standard of pleading when you get into fraud issues. The lower court didn't kick this case for a failure to properly plead. It kicked it for a lack of standing. It kicked it because standing was not pled. It did not say that there is no standing under 292 for anybody who brings this case. So would you then be satisfied with us vacating remanding with an order to allow them to amend their complaint to more particularly articulate what they're clearly articulating in it, which is mismarking by any person? Well, the motion to make a, to re-plead should have been made at the district court. And the district court, I submit, would have rejected it. And it should be rejected here. It has to be rejected for one good reason. It's futile. If JMC Boe is the marker and Brooks Brothers is not, that is the law of the case. That's not going to change no matter what you do with any sort of evidence. Forty years ago I learned the law of the case is not necessarily the law, but it is the law of the case. And we have a finding by the court that Brooks Brothers did not mark. Somebody else did. JMC Boe. We also have a finding by the court that competition was not good. Well. Because we have a number of ties being to the same markings. But Brooks Brothers didn't mark doesn't lead to a dismissal for lack of standing. Brooks Brothers didn't mark may result in a 12B6 or something else, but that's not a dismissal for lack of standing. It's a 12B1. It's a 12B1. In a 12B1, the court can look outside the pleadings, look at affidavits, determine whether or not there is standing. Because it's a factual attack. You have to defend. You have to look at what a 12B1 is. You can look at a complaint and attack it facially. Facial attack is essentially what happened in this case cited by the government that shows standing in a queen town. That was the secondary health care case where somebody came and said, I'm a queen town. I have a right to sue. He was dismissed for standing. The appellate court looked at that de novo and they said, you know, you're right. We can look at this de novo because it's a question of law. You don't have standing because there's no provision in the act. Ours is not a facial attack on a statute. Ours was a factual attack on the complaint and the merits. And that can be decided under 12B1. And under 12B1, you can put in affidavits. And if the court did not look at our affidavits and consider them, that would be error. So the court looked at those affidavits. They looked at the complaint. They looked at the statute. And they said, Brooks Brothers is not the market. And although Mr. Stauffer says competition was quelled, competition was not quelled because Boone and Gales does the same thing. Sachs does the same thing. And so does Lord and Cale. And as Judge Moore says, though, you're off the track. Maybe this case has the wrong defendant. Maybe with one defendant or another, the defendant wins on the merits. But we get back to the question of the plaintiff, standing, the statute. Standing requires injury. And there can be no injury. Where does it say injury in the statute? The third amendment, the third United States Court of Appeals, I'm sorry, the Constitution requires that you have standing and that you have an injury. You can't have just advisory. Are you challenging the constitutionality? No, not by any means. By not requiring injury? I know very few statutes that require an injury. The statute will say if you do, if we look at 1125A, for example, it was brought up in Mr. Stauffer's brief. Nowhere in that statute does it say injury. Statutes say if you do this, you violate that, there may be a remedy. And if there's a remedy, then we're going to go to court. But there's no remedy here because there is a factual finding. You cannot, you cannot reverse judge on his factual finding that Brooks Brothers was not the martyr. Clontex says that there's an injury every time the public sees a mismarking. How do you get around that? They see a mismarking. I struggle with Clontex. But if they see a mismarking, it's by somebody who applied the mismarking. Maybe it's an injury, maybe it's not an injury. You have Clontex, however, was fact specific. This is fact specific. In this particular case, you have serious facts that the district court found as it was right to do, and which cannot be reversed unless you find those findings are error. Just because you disagree with whether or not Brooks Brothers is a martyr doesn't mean you can reverse it. Counsel, there isn't a finding. I've sat here while you're talking. The closest I can find is on page 10 where it says that Brooks Brothers presented evidence to that. But there's no finding that I can find. This lower court decided that Brooks Brothers is not marking, and that's the reason for its holding. I can't find it. Show me where. Show me where since you've spent so much of your time telling us this. May I just hand this up? No, just tell me what page it's on. This is page 5 in Lexis. It's at A180 of the appendix, not page 10. Sorry, A10 of the appendix. And on page A10, where exactly? What sentence? Why don't you- It starts with more of the- Hold on. The opinion's only nine pages long, so just give me a second to figure out where A10 might be. Opinion. Okay, there we go. A10. Got it. All right, so where is it? Start with more over, and it goes down. It says the defendant submitted declarations and exhibits submitted by the defendant, and properly considered on which they were properly considered. That's what the court's saying. It was properly considered, which showed that the adjusted lock mechanism, that the marking question was affixed to it, is not made by defendants, but is instead provided to the defendants and to many other Brooks Brothers competitors. I'm getting dry. As shown in the Dixon Declaration. So, if you look at Mr. Stoudter's- Please don't help this guy. This is a picture of the part of the pie. This is what the pie looks like. These photographs are in evidence. This is the component. That is bought by Brooks Brothers. It's about 15-20% of the pie. It is sewn on to this pie by Brooks Brothers, on which appears a Brooks Brothers label. Brooks Brothers did not mark this component. The component was marked by J.M.C. Bowe. J.M.C. Bowe is the marker. That's what Judge Fenn, that it was not marked by Brooks Brothers. That cannot be touched on. That's a factual finding, which this Court and the Second Court of Appeals requires that you give deference to the Court's fine-packing ability. But it's up to us to decide what it means to mark, right? That's a question of statutory interpretation, which is a question of law. All this Court says is that, as a factual matter, it appears from the pleadings and declarations submitted by you all that the label is provided by J.M.C. Bowtie Company. But it's up to us to decide what the statute means when it says whoever marks. So if I were to conclude that by placing that label on the good and putting the good in Congress, you are in fact the marker, and that's a matter of statutory interpretation, it's something I could do as a matter of law. They did not buy a label. They bought the entire component pre-marked. But then you affixed it to the bowtie. They didn't provide everything, right? It was affixed to the bowtie. So you affixed a label, happens to be a large label, to a bowtie and put it in the stream of Congress. So I can conclude as a matter of law that constitutes marking under the statute. You're suggesting then that every manufacturer who buys a component and has something manufactured in two or more components has to look at every nut, every screw, every bolt, has to look at the battery, look at the tire, see if they're mismarked. Because if they're mismarked, you can't put them on your car. Certainly at a minimum it seems that standing, there might be standing for the allegation of the fact that you marked, it seems at a minimum that that would be something that maybe should go forward to a merits-based decision. And then when you do a paper note, when you have to have intent, and you bought it from a third party and you put it on there. Now do we have a conspiracy with JMC Boe and Brooks Brothers saying, oh, we're going to put this together and quell competition? These questions you're raising are excellent ones that go to merits. The question is, what should we do with standing? Is he any person who has a right under the statute to bring suit for the penalty that has been decided by Congress? You could decide, without sending this case back, that you need not allege anything more than it was alleged. But you do have a problem with sending it back and having a re-pleading that is futile. Because it's not going to get past Judge Stein. It simply is not. The law of the case is Brooks Brothers was a liar. That's the law of the case. That's the famous note. Excuse me. Excuse me. Does that remind you of my time? No. And you don't get past Lujan either. Lujan says, number one, you have to have particularized injury that's not hypothetical. It has to be tied to the person who did the marking. That's Lujan, two. Lujan, three, says Why is there a sovereign interest of the government in having its laws enforced adequate under Vermont agency? Well, because Vermont agency really didn't get to that. Vermont agency is kind of interesting. Judge Feliz says he goes through the issues with regard to standing and what is the claim. And then in the dissent, Judge Stevens says you're doing a full assignment to the government. Scalia comes back and says, no, it's a partial assignment. Partial assignment of the government's claim. Now, when you get into, there's a Second Circuit case that looks at that and says the Supreme Court never really defined further what a claim is. So this is in Physician's Health. It's a Second Circuit case. And it comes back and says, and Lujan struck down a citizen's suit in Endangered Species. And in doing so, the court expressly held that Congress cannot grant standing to a party who has no concrete interest in the suit other than a public interest in a proper administration of justice. Was that a quitam suit? It was not a quitam suit. No, it wasn't. So it wasn't a suit in which Congress had actually said any person may bring suit. So you're suggesting, then, that every suit is to be looked at differently. We have different standards. You still have- Actually, I'm not suggesting anything. Congress said it in the statute. This isn't a Judge Moore proclamation. Any person may sue for the penalty. Don't you think that distinguishes this statute from the one at issue in Lujan, which did not delegate to any person the right to bring suit? Well, first of all, where does the injury come from? You still have Article III injury. But nevertheless, you get back to the suit. There's no calling it a competition. Others are doing this. Others are getting it from another source, presumably JMC Boe. And Brooks Brothers, under the law of this case, is not the marker. There's no way to get around that. Well, but Congress can create rights the violation of which gives standing. That's worth beselling. Why isn't that- And Clone Tech. Why isn't that what happened here? Because we attacked it on 12B1, and we showed that there was no injury. We showed through declarations that were admitted, that were reviewed, never rebutted, never questioned. The government never questioned the veracity of those declarations. The government takes a position that has no interest in the underlying claim of Mr. Stout. The government is here to defend a statute that was an attack. And all that Judge Stein said was when you bring an action, please plead it with specificity so that the court can go forward. The district courts are gatekeepers. They- Excuse me. This is payback. The district courts are gatekeepers, and they have to deal with things from the get-go. And if out of the starting block you're going to say any type of pleading is okay and we don't care about facts that are properly considered, then you make chaos in the federal district court. And I get back to, and I'm sorry to say it again, but there is a factual attack, and the factual attack, your review has to- is not de novo. It's whether or not Judge Stein made an error considering those affidavits outside and whether he properly found that Brooks Brothers is not the market. You may disagree with the conclusion, but you cannot reverse it just because you disagree with it. You have to find it is absolutely wrong. Do you have anything to say about the government's right to intervene? If I understand it, the government's motion to intervene is Judge Stein raised the level so high on standing that it somehow eviscerates the statute. No, but the question of the constitutionality of the statute in the chart 2403. Well, Judge Stein says I don't reach the constitutionality of the statute. And so what does that do to the government's right to intervene? On constitutionality, I think it destroys it. How about under Rule 24? Well, Rule 24, if I understand it, is that there needs to be an interest. And the government has no interest in this proceeding, at least not in the endgame. The government could not bring an interest. Isn't it precisely the endgame that the government has an interest in? But that doesn't give you standing. The endgame, whether you win or lose the wager, does not give you standing. Would the government have that standing to bring the suit itself? It doesn't appear so. But it didn't. It didn't. If it wants to do it tomorrow, it can. I don't know the answer to that question. I do think it's interesting in the Vermont agency, a person is not a state. So perhaps in this, a person is not the government. I don't know. But the statute says any person can bring it essentially on behalf of the government. It doesn't say the government can bring it. That question was never raised. I think it's an interesting one. But I think Vermont agency and who is a person, and then you look at the statute and it says bring it on behalf of the government. I don't think the government can bring a 292 for the... I don't think the government can bring a 292. I don't think it's in the statute. And therefore, they have no sovereign interest. And this idea of a sovereign interest, oh, I want to see the laws enforced. You're inviting everybody into every courthouse with... We're going to take on and see that the government is vindicated. In other words, you're saying it would apply to any patent infringement suit because the government has an interest in its granted patent being upheld if it's valid. Excuse me.  I'm just following up on your comment that the government always has an interest or so often has an interest that there'd be no limit to what's wrong. Yes, but I don't think we're vigilantes and I don't think that... 292A is a criminal provision. Who would pursue that? That would be the government. But we're not in 292A. Okay. Thank you. Thank you. I have six seconds less. No, I think you've consumed your time. Thank you, Mr. Baker. Mr. Stauffer, you have a minute remaining. Thank you, Judge Rader. I'd like to come back to your point about the intent. The most important bow tie in the entire case thus far is the one I'm wearing right now because this falsely marked bow tie, the crowded hexagon bow tie, is one of several styles that Brooks Brothers made and falsely marked months after being served with my purportedly illuminating complaint. They suggest that they never saw this is written. I'm not a judge. In which point, I don't believe that the court made a finding that Brooks Brothers was not a marker. Because Brooks Brothers is clearly a fixer, and that's what the plain language of the statute requires. For decades, they've been selling this label, which they buy from JMC, right next to their own trademark label. They hand-stitch the trademark label right off the ribbon, just like they do with JMC Boat Company false patent marking label. So I can't see how they don't have intent. They see the marking, they put it on their product, and it's right there. Also, in Lujan, the court distinguished the case of a bounty from a case that was before it in Lujan. So I think that's kind of a distinguishing factor. Also, I would note that... Thank you, Mr. Stauffer. Thank you, sir. Mr. Letter. Does Mr. Letter have time remaining? He had consumed time past his time. We'll give you a minute, Mr. Letter. Thank you, Your Honor. I have three points to make, all addressing questions that you asked and that the argument was made. First, Judge Moore, I'm sorry, I never got to give the full answer to your question before. The United States has a sovereign injury here. We have a proprietary injury. We have a proprietary interest in the fine if, on the merits, it is eventually determined that Brooks Brothers filed a dissension. So we have both. Second, you cannot ignore the history of Key Cam. That's the message from the Vermont case. The Constitution is applied with reference to the history of how this country has operated. Third, my opposing counsel says you have to have an injury for Article III. The Supreme Court said no. In the Vermont case, the United States Congress can partially assign its interest. As we point out in pages four and five of our reply brief, there are any number of statutes in the U.S. Code where the U.S. government can bring actions and it does not have to show an injury. Congress passes a regulatory statute and this Court has made clear in cases like Plantech, there is an injury to the public because Congress has passed this regulatory statute so that we don't have to show some sort of separate injury. That is absolutely wrong and that's where Judge Stein came up with a theory of Article III that has absolutely no precedent in the Constitution or ways that it has been interpreted. I don't want to prevent you from getting to your three points, but I don't see how the penalty creates a proprietary interest in the government. Proprietary interest is injury to the government. A penalty that imbues from violation of law in my mind doesn't fit the proprietary interest case law. So you tell me your best cases and why, quickly. In two seconds. Well, we cite in our opening brief under the False Claims Act, remember there is a False Claims Act cause of action by either the United States or a relator simply to seek penalties. Thank you, Mr. Leder. Thank you very much.